E-FILED
Monday, 09 July, 2007   04:11:23 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| CARSON A. BORSETH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 07-4017 |
| | ) |
| NEDRA CHANDLER, Warden, | ) |
| Dixon Correctional Center, | ) |
| | ) |
| Respondent. | ) |

### ORDER

Before the Court is Carson A. Borseth's ("Borseth") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Campbell's Petition for Writ of Habeas Corpus [#2] is DENIED and Respondent's Motion to Dismiss [#7] is GRANTED.

### BACKGROUND

Petitioner Borseth was convicted in the Circuit Court of Henry County, Illinois, of one count of attempted murder and one count of aggravated discharge of a firearm. He was sentenced to concurrent terms of 25 years of imprisonment for attempted murder and six years of imprisonment for aggravated discharge of a firearm. Borseth appealed his conviction and sentence, and on October 6, 2000, the Illinois Appellate Court affirmed. On December 18, 2000, Borseth filed a motion for leave to file a late petition for leave to appeal ("PLA") to the Illinois Supreme Court. On March 28, 2001, the Illinois Supreme Court allowed Borseth's motion for leave and filed his late PLA. However, the Illinois Supreme Court denied Borseth's PLA on June 6, 2001.

On December 7, 2001, Borseth filed his first post-conviction petition pursuant to 725 ILCS

5/122-1. Borseth amended his post-conviction petition on November 18, 2002. Borseth filed a supplemental post-conviction petition on February 24, 2003. The trial court dismissed the petition on July 15, 2003. On December 13, 2004, the Illinois Appellate Court affirmed that denial of Borseth's post-conviction petition, and the Illinois Supreme Court denied Borseth's PLA on March 30, 2005.

On December 7, 2005, Borseth filed a successive petition for post-conviction relief. The State filed a motion to dismiss Borseth's successive petition because Borseth had failed to request leave of court to file it, as required under Illinois law. On April 17, 2006, the trial court granted the State's motion and dismissed the successive petition. On October 3, 2006, the Illinois Appellate Court affirmed the dismissal of the successive petition, and the Illinois Supreme Court denied Borseth's PLA on January 24, 2007.

On April 10, 2007, Borseth filed the instant petition for writ of habeas corpus seeking reversal and remand for a new trial. The Government filed a Motion to Dismiss on May 31, 2007, arguing that the instant petition is untimely. Borseth filed a Response to the Motion to Dismiss on June 14, 2007. The matter is fully briefed, and this Order follows.

**DISCUSSION**

Borseth asserts that he is entitled to a writ of habeas corpus for essentially two reasons:

> (1) Trial counsel was ineffective for failing to:
>     (a) call any witnesses on Borseth's behalf;
>     (b) interview the victim;
>     (c) investigate the crime scene;
>     (d) introduce evidence of his medical history and medication he was taking at the time of the shooting;
>     (e) discuss the case with him; and
>     (f) present a defense that the shooting could have been accidental; and
> (2) Borseth was denied due process because he was not allowed to

> discuss the case with the victim (his wife), who was allegedly coerced into testifying against him.

On May 18, 2007, Borseth filed a "Statement of Facts," in which he raises additional grounds for habeas relief.

The Government argues that, regardless of substance of Borseth's claims for relief, his Petition for Writ of Habeas Corpus must be denied as untimely. The Anti-terrorism Effective Death Penalty Act ("AEDPA") imposes statutory time limits that govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> (d)(1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

As an initial matter, this Court must determine when Borseth's conviction became final on

direct appeal. While Borseth did not file a petition for writ of certiorari to the United States Supreme Court after his petition for leave to appeal to the Illinois Supreme Court on direct review was denied, he is entitled to add the 90-day period during which he could have done so to the limitations period. *Anderson v. Litscher*, 281 F.3d 72, 674-75 (7th Cir. 2002). Here, the petition for leave to appeal to the Illinois Supreme Court was denied on June 6, 2001. Ninety days later is September 4, 2001. Thus, the AEDPA one-year statute of limitations clock began to run on September 4, 2001.

As mentioned above, under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for post-conviction relief in state court. In this case, Borseth filed his first post-conviction petition on December 7, 2001. The AEDPA statute of limitations began to run again on March 30, 2005, the date the Illinois Supreme Court denied Borseth's petition for leave to appeal the lower courts' denial of his first post-conviction petition. *Johnson v. Chandler*, 2007 WL 8365989 (7th Cir. May 20, 2007), at *2 (the AEDPA one-year limitations period set forth in § 2244(d) is not tolled during the time a state post-conviction petitioner could have filed, but did not file, a petition for certiorari review in the United States Supreme Court). Accordingly, the days the post-conviction petition were pending are excluded for purposes of calculating the one-year statute of limitations under AEDPA.

With respect to Borseth's second state post-conviction petition, it is unclear whether this successive post-conviction petition could be construed as "properly filed," such that the time it was pending would also be excluded for purposes of calculating the one-year statute of limitations. However, as will be further set out below, even if the successive post-conviction conviction was "properly filed," and the time it was pending is excluded, Borseth's § 2254 petition would still be untimely.

Borseth's pro se § 2254 petition does not indicate when it was signed or submitted to prison authorities for mailing, so it is impossible for the Court to discern the filing date under the "mailbox rule" as set out in Rule 3(d) of the Rules Governing Section 2254 Cases in the United States District Courts. However, as the Government points out, Borseth attached to his petition a letter from the Illinois State Appellate Defender's office, which is dated March 12, 2007. Therefore, the very earliest date that Borseth could have placed his § 2254 Petition in the prison mail system is March 12.

Excluding the time Borseth's two post-conviction petitions were pending in state court, the § 2254 petition was filed 387 days after his conviction became final on direct review:

> (1) 90 days elapsed between the conclusion of Borseth's direct appeal (9/4/01) and the initiation of the first post-conviction proceeding (12/7/01);
>
> (2) 251 days elapsed after the Illinois Supreme Court denied Borseth's petition for leave to appeal the denial of his first post-conviction proceeding (3/30/05) and the initiation of his second post-conviction petition (12/7/05);
>
> (3) 46 days elapsed after the Illinois Supreme Court denied Borseth's petition for leave to appeal the denial of his second post-conviction proceeding (1/24/07) and the earliest possible date Borseth could have filed the instant habeas petition (3/12/07).

Because more than one year of untolled time has passed since Borseth's conviction became final on direct review, Borseth's § 2254 petition is untimely under AEDPA, and this Court lacks jurisdiction to review his claims.

In his Response to the Government's Motion to Dismiss, Borseth does not deny that his § 2254 is untimely under AEDPA. Rather, he re-asserts his previous claims that his appointed trial and appellate counsel were incompetent and that his constitutional rights continue to be denied. Moreover, Borseth does not argue for equitable tolling, nor do the circumstances of his apparently support such a narrow exception to AEDPA's ordinary statute of limitations. *See Gildon v. Bowen*, 384 F.3d 883, 887 (7th Cir. 2004) (equitable tolling of the AEDPA limitations period is "proper when

extraordinary circumstances outside the petitioner's control prevent timely filing of the habeas petition"); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (equitable tolling "is rarely granted").

## CONCLUSION

For the reasons set forth above, Borseth's Petition for Writ of Habeas Corpus [#2] is DENIED and Respondent's Motion to Dismiss [#7] is GRANTED.  This matter is now terminated.


ENTERED this 9th day of July, 2007.


                                                 s/Michael M. Mihm
                                                 Michael M. Mihm
                                                 United States District Judge